UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITIRII DOBROVKIN,<br><br>                              Petitioner,<br><br>v.<br><br>Christopher LAROSE, Senior Warden,<br>Otay Mesa Detention Center,<br><br>                              Respondent. | Case No.:  26-cv-217-BJC-MSB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br><br>**[ECF No. 1]** |

Before the Court is Dmitrii Dobrovkin's ("Petitioner") petition for a writ of habeas corpus that was filed on January 14, 2025.  ECF No. 1.  On February 6, 2026, Respondents filed a response, ECF No. 10, and on February 12, 2026, Petitioner filed a traverse.  ECF No. 11. For the reasons set forth below, the petition is **DENIED**.

## I.    BACKGROUND

On September 25, 2025, Petitioner applied for admission to the United States at the port of entry in Otay Mesa, California.  ECF No. 10 at 1.  At the time, he did not possess legal documentation to enter the United States.  *Id.*  Officers with U.S. Customs and Border Protection determined Petitioner to be an arriving alien inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed him into expedited removal proceedings under 8 U.S.C. § 1225(b)(1), and transferred him to the custody of U.S. Immigration and Customs Enforcement under 8 U.S.C. § 1225(b)(1)(B).  *Id.* at 2.  An asylum officer subsequently interviewed Petitioner and issued a positive credible fear determination.  *Id.*  On October

1

27, 2025, the Department of Homeland Security issued a Notice to Appear, thereby initiating removal proceedings. *Id.* On December 8, 2025, Petitioner submitted his application for asylum, withholding of removal, and withholding under the convention against torture. *Id.* Petitioner's individual hearing before an immigration judge was scheduled for December 2025 but was rescheduled for April 16, 2026. *Id.* Petitioner has remained in custody since September 25, 2025. *Id.* at 1.

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## II.   DISUCSSION

### A.   Jurisdiction under 8 U.S.C. § 1252(g)

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion

connected to removal orders." *Id.* at *18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, he challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional duties. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

## B.      Detention under 8 U.S.C. § 1225(b)(1)

Section 1225(b)(1) states that "[i]f an immigration officer determines that an alien…who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7)…and the alien indicates either an intention to apply for asylum…or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer. . ." 8 U.S.C. § 1225(b)(1)(A)(ii). Once the noncitizen has been referred for an interview, "[i]f the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution…the alien *shall be detained* for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

Here, Petitioner is lawfully detained under Section 1225(b)(1). Petitioner is a noncitizen and an applicant for admission. *See* 8 U.S.C. § 1225(a)(1). An immigration officer determined Petitioner was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 10 at 2. Petitioner, however, indicated a fear of persecution, was given an interview, and received a positive determination. *Id.* These facts demonstrate that Petitioner falls

26-cv-217-BJC-MSB

within the purview of Section 1225(b)(1).

**C.** **Constitutional Right Against Prolonged Mandatory Detention**

Indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (listing cases).

This Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) provides an appropriate assessment of the possible constitutional implications of Petitioner's ongoing detention without a bond hearing. The *Lopez* three-factor test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id.*

Applying these factors, the Court concludes that Petitioner's detention has not become unconstitutionally prolonged. First, Petitioner's five-month detention falls short of the periods this Court has previously deemed constitutionally unreasonable. *See Durand v. Allen*, 23-cv-00279-RBM-BGS, 2024 WL 711607 at *5 (S.D. Cal. Feb. 21, 2024) (finding a thirty-two month detention unreasonable); *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (involving a nineteen month detention); *Sanchez-Rivera v. Matuszewski*, No. 22-cv-1357-MMA-JLB, 2023 WL 139801 at *6 (S.D. Cal. Jan. 9, 2023) (involving a detention for three years).

Second, the anticipated duration of future detention does not weigh in Petitioner's favor. His individual merits hearing before an immigration judge is scheduled for April

16, 2026, demonstrating that the proceedings are moving forward within a defined timeframe rather than remaining open-ended.

Third, the delay factor is neutral. Petitioner states that his individual hearing was moved from December 2025 to April 2026. However, Petitioner's application for asylum, withholding of removal, and withholding under the convention against torture, was not submitted until December 8, 2025. On this record, the Court cannot conclude that the Government is responsible for any significant delay. Considering all three factors, the Court finds that Petitioner's continued detention at this stage is not so prolonged or unreasonable as to require a bond hearing to satisfy due process.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court concludes that Petitioner's continued detention is lawful. Accordingly, Petitioner's writ of habeas corpus is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  February 24, 2026

 

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-217-BJC-MSB